**Ex parte Charles Haskell WILSON, Petitioner,**

**In re Petition of Charles Haskell Wilson for a Writ of Mandamus.**

**Civ. A. No. AC–1322.**

United States District Court
E. D. South Carolina,
Columbia Division.

June 15, 1965.

Charles Haskell Wilson, pro se.

HEMPHILL, Chief Judge.

Petitioner is before this Court, in forma pauperis, praying for a writ of habeas corpus on the basis that the State of South Carolina, with whom he is presently quartered with the onus of a twelve year sentence, has denied him his right to communicate with the Courts by reason of the application of unreasonable prison rules associated with the "writ room."

Previously this Court passed on the "reasonableness" of the South Carolina penitentiary's "writ room,"[1] and the Fourth Circuit Court of Appeals affirmed the holding that the establishment of the "writ room" was reasonable in Memorandum Order No. 9858, dated January 22, 1965. However, this Court was instructed to consider petitioners' claim that he is "not allowed use of the writ room" and that all his "legal papers have been confiscated."

The Return filed by the Attorney General of South Carolina, reflecting the log of the "writ room," shows beyond peradventure that petitioner has in fact

1. See ex parte Wilson, 235 F.Supp. 988 (E.D.S.C.1964).

not been denied use of the room in question. Thus petitioner's allegation thereabout has no merit.

The Return also shows that certain papers of petitioner were "confiscated," i. e., they were not returned to him when they were removed from his cell.

The basis of this "confiscation" was that petitioner had prepared his "legal papers" in his cell, instead of in the "writ room" provided for that purpose.—Penitentiary officials have established the rule that "legal papers" must be prepared in the writ room so as to avoid the influence of "jail-house lawyers" who charged other inmates fees to prepare stereo-type applications to various courts.

The problem before this Court is whether or not this rule is reasonable. As this Court noted before, it is hesitant to pass upon the prison regulations established by the State of South Carolina, but the allegation that communications to courts are being stopped or waylaid must be considered, for a contention such as this strikes at the heart of our system of justice.

In a word, it appears that the penitentiary officials are faced with this dilemma: how can they enforce the rules established for the writ room if they cannot "confiscate" papers prepared outside the writ room? The simple answer is that the rules cannot be enforced without sanctions.

The purpose of the rule is to allow inmates an opportunity, without assistance of jail house counsel who unlawfully charge fees, to write down the facts regarding their purported unlawful confinement and submit them to the Court.[2] With the merits before it, the Courts then pass on the constitutional issues, or appoint counsel to bring their advocacy to bear on the issues presented.

In passing, it is interesting to note that there is a writ room in the Federal facility at Springfield, Missouri, and that the rules there provide: "Inmates are not permitted to serve each other as attorneys, or assist each other in the preparation of legal documents." Also, from these rules, we find: "Legal materials (not correspondence) found in the possession of inmates in the regular housing units will be confiscated as contraband * * *."[3]

 The rules in the South Carolina penitentiary are no innovation and they are reasonably incident to the proper administration of the institution, and as implemented do not deprive petitioner of any of his rights.[4]

For the reasons given, petitioner's application for the Great Writ will be denied. The Clerk will enter judgment accordingly.

And it is so ordered.

---

2. Satisfactory provision is made to assist illiterate inmates.

3. General Order #6 (Revised March 15, 1960), Medical Center for Federal Prisoners, Springfield, Mo.

4. It should be noted that Return reveals that the papers taken from petitioner were redrawn in the writ room and application made to the different courts without diminution of advocacy.