**Roy Lee SMARTT, Petitioner-Appellee,**

v.

**Harry S. AVERY, Commissioner of Correction, State of Tennessee, Respondent-Appellant.**

**No. 16654.**

United States Court of Appeals
Sixth Circuit.

Jan. 6, 1967.

Henry C. Foutch, Asst. Atty. Gen. State of Tennessee, Nashville, Tenn., George F. McCanless, Atty. Gen., and Reporter State of Tenn., of counsel, for appellant.

Luke E. Harvey, Nashville, Tenn., for appellee.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant in this case appeals from an order of United States District Judge William E. Miller which held unconstitutional an amendment to the Rules and Regulations of the Tennessee Pardon, Parole and Probation Board, dated February 23, 1965. Judge Miller also enjoined enforcement of this rule. The amendment follows:

"Subject: Amendment to Rules and and Regulations of the Pardon, Parole and Probation Board.

"It has been unanimously adopted by the Parole Board that any inmate of the penitentiary (this includes the Main Prison, Brushy Mountain, Fort Pillow, the Woman's Building and the Shelby County Penal Farm) who by letter, petition or otherwise seeks a writ of habeas corpus and the same being denied by any Judge of any Court in this State or any Federal Judge, the Parole Board will not conduct a hearing for parole of such inmate until at least one year (12 calendar months) has occurred after such inmate's regular parole date (regular and probationary). It is further adopted and approved that in event an inmate so denied a writ of habeas corpus whose good time sentence expires some period of time less than twelve months after his parole eligibility date, his sentence will be completed and he will be discharged without the benefit of parole.

/s/ "BOARD OF PARDONS, PAROLES AND PROBATION"

Appellant is the Commissioner of Correction for the State of Tennessee. Appellee is an inmate in the Tennessee State Penitentiary at Nashville, serving 15 years upon a conviction for the offense of armed robbery. As to this sentence appellee has previously been denied habeas corpus relief by this court in Smartt v. Bomar, 340 F.2d 593 (C.A.6, 1965). It is conceded that appellee will not be eligible for parole until 1969.

This case originated as another petition for writ of habeas corpus brought by Smartt before the United States District Court for the Middle District of Tennessee. Judge Miller construed the petition as a request for injunctive relief under 17 Stat. 13 (1871), 42 U.S.C. § 1983 (1964), the Civil Rights Act of 1871.

After hearing, Judge Miller entered an order, the pertinent portions of which follow:

"The Court is of the opinion that the regulation adopted by the Tennessee Board of Pardons, Paroles and Probation is a restriction against a prisoner filing a petition for habeas corpus, and having access to the Court for habeas corpus relief. The Court is of the further opinion that the regulation is arbitrary and has a deterrent effect.

"The Court is of the further opinion that the regulation by unambiguous terms is unconstitutional in that a prisoner's eligibility for parole is postponed for a year, and if the prisoner files a petition for habeas corpus and the petition is denied, the regulation subjects a prisoner to the loss of a privilege in the enjoyment of his constitutional right.

\*    \*    \*    \*    \*    \*

"The Court is of the further opinion that an injunction should issue restraining the Tennessee Board of Pardons, Paroles and Probation from enforcing the regulation which was adopted on the 23rd day of February, 1965.

"It is therefore ordered, adjudged and decreed by the Court that the regulation adopted by the Tennessee Board of Pardons, Paroles and Probation on the 23rd day of February, 1965, is hereby declared unconstitutional and void. It is further ordered, adjudged and decreed by the Court that the Tennessee Board of Pardons, Paroles and Probation is hereby enjoined and restrained from enforcing or carrying out the provisions of the regulation which it adopted on the 23rd day of February, 1965."

Appellant appeals, contending that the regulation is within the discretionary powers of the Parole Board and not a deprivation of any of appellee's constitutional rights, that appellee did not have standing to initiate this action, and that the District Judge should not have enjoined the Parole Board from enforcing the regulation.

■ It appears clear to this court on the face of the resolution that it assesses an additional year of incarceration prior to consideration for parole upon any state prisoner who files a petition for writ of habeas corpus and has same denied. The right of a state prisoner to petition for a writ of habeas corpus in the federal courts on a claim that he is in custody in violation of the Constitution or laws of the United States is squarely authorized by federal law. 28 U.S.C. §§ 2241, 2254 (1964). The exercise of this right may not be denied by state law. 17 Stat. 13 (1871), 42 U.S.C. § 1983 (1964). No more may its exercise be discouraged by the withholding of a privilege (which would otherwise be accorded) by state law or regulation. In Brotherhood of Railroad Trainmen v. Virginia Bar, 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89 (1964), the Supreme Court of the United States said:

"The State can no more keep these workers from using their cooperative plan to advise one another than it could use more direct means to bar them from resorting to the courts to vindicate their legal rights. *The right to petition the courts cannot be so handi-* *capped."* Brotherhood of Railroad Trainmen v. Virginia Bar, supra 377 U.S. at 7, 84 S.Ct. at 1117. (Emphasis supplied.)

See also N. A. A. C. P. v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963).

■ Over and above the federal statutory authorization for the right to petition for a writ of habeas corpus, the right to petition the courts of the United States is a constitutional right. There is a federal constitutional prohibition squarely prohibiting suspending "[t]he privilege of the writ of habeas corpus." U.S.Const. art. I, § 9, cl. 2. See also art. III and U.S.Const. Amend. I and XIV. Constitutional rights may not be diminished or restrained by the denial of a privilege granted by law or regulation. Sherbert v. Verner, 374 U.S. 398, 83 S. Ct. 1790, 10 L.Ed.2d 965 (1963); Torasco v. Watkins, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961).

■ We recognize appellant's argument that appellee suffers no present penalty under this regulation, since he has no present parole eligibility and will not have until 1969. But in our view the regulation acts now as a present deterrent upon petitioner's freedom to exercise a present right. Only a prisoner with an inclination to play Russian roulette with a year of his life would be likely to file a petition for writ of habeas corpus under this regulation. We believe that appellee (and those similarly situated) are part of a class as to which the Civil Rights Act clearly may be invoked.

"§ 1983. *Civil action for deprivation of rights*

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other

proper proceeding for redress." 42 U. S.C. § 1983 (1964).

Dealing with the rights of access by state prisoners to state courts, the Court of Appeals for the 9th Circuit held:

" 'Reasonable access to the courts is * * * a right * * * guaranteed as against state action by the due process clause of the fourteenth amendment.' This includes, specifically, 'right of access by state prisoners of state courts;' and a deprivation of this right is therefore actionable under the Civil Rights Act. Hatfield v. Bailleaux, 290 F.2d 632, 636 (9th Cir. 1961). See also Spires v. Bottorff, 317 F.2d 273, 274 (7th Cir. 1963); Note, Constitutional Rights of Prisoners: The Developing Law, 110 U.Pa.L.Rev. 985, 987–92 (1962). Indeed, reasonable access to the courts is basic to all other rights protected by the Act, for it is essential to their enforcement." Stiltner v. Rhay, 322 F.2d 314, 316 (C. A.9, 1963), cert. denied, Stiltner v. Washington, 376 U.S. 920, 84 S.Ct. 678 (1964). (Footnote omitted.)

In dealing with the right of state prisoners to apply to a federal court for a writ of habeas corpus where a state regulation existed impairing this right, the Supreme Court of the United States stated:

"The regulation is invalid. The considerations that prompted its formulation are not without merit, but the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus." Ex Parte Hull, 312 U.S. 546, 549, 61 S.Ct. 640, 642, 85 L.Ed. 1034 (1940). See also Sewell v. Pegelow, 291 F.2d 196 (C.A.4, 1961).

Petitioner in our view had standing to file the instant petition. Pierce v. La Vallee, 293 F.2d 233 (C.A.2, 1961); Weller v. Dickson, 314 F.2d 598 (C.A.9, 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). The regulation acts as a present deterrent to his exercise of a present right to petition

for habeas corpus relief. The District Judge under the Civil Rights Act, supra, clearly had both the right and the duty to grant the relief he ordered.

Affirmed.