**Larry John CLEMENTS, Petitioner,**

v.

**Dr. P. J. CICCONE, Respondent.**

**No. 16452-4.**

United States District Court
W. D. Missouri, W. D.

June 30, 1967.

---

Larry John Clements, pro se.

John Carter, Asst. U. S. Atty., F. Russell Millin, Dist. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER OVERRULING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS

ELMO B. HUNTER, District Judge.

Petitioner is presently confined at the Federal Medical Center, Springfield, Missouri under sentence from the United States District Court for the Southern District of California. Petitioner was sentenced under the provisions of the Youth Corrections Act following his plea of guilty to violation of 18 U.S.C. § 1708 (theft of mail). The Court has treated petitioner's application as being in the nature of a request for injunctive relief. Leave is granted to proceed in forma pauperis.

Petitioner contends that he is attempting to perfect an appeal from an adverse ruling of the District Court in California on a motion there filed pursuant to § 2255. He states that he is in need of assistance in preparing a brief in that case and that the regulation of the Medical Center which prohibits one inmate assisting another in such matters is preventing him from getting such assistance. He contends that the regulation is a violation of his constitutional right to have assistance of counsel. He also contends that other penitentiaries have different regulations which provide more assistance to the prisoners and that therefore he is being discriminated against by the Medical Center's policy.

Petitioner relies upon the cases of Johnson v. Avery, 252 F.Supp. 783 (M.D. Tenn.1966) and Smartt v. Avery, 370 F.2d 788 (6th Cir. 1967). In the Johnson case, supra, the petitioner had been kept in solitary confinement for a period of eleven months because he had violated

a state prison regulation forbidding prisoners from preparing habeas corpus petitions for other prisoners. Judge Miller placed particular emphasis on the fact that petitions for writ of habeas corpus were the object of the regulation and the basis of the complaint which the prisoner, Johnson, asserted. Judge Miller called special attention to the language of 28 U.S.C. § 2242:

> Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf* (emphasis supplied by Judge Miller).

The petitioner in the Smartt case, supra, complained of the regulations of the Tennessee Pardon, Parole and Probation Board which provided that if an inmate unsuccessfully seeks a writ of habeas corpus from a state or federal court the parole board will not conduct a hearing for parole of such inmate until at least one year passes after the inmate's regular parole date. It also provided that under certain circumstances if an inmate unsuccessfully seeks habeas corpus relief he will lose credit for good time. This case is clearly not in point with the matter presented in the case at bar.

■ There is no such language as "or by someone acting in his behalf" contained in 28 U.S.C. § 2255, motion to vacate. Section 2255 merely provides that "a prisoner in custody under sentence of a court * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence." Petitioner herein seeks assistance of a "jail-house lawyer" not to assist him in preparing an application for writ of habeas corpus, but rather to assist him in preparing an appeal brief concerning a motion to vacate filed earlier by him. Petitioner has no standing to attack the regulation of the Medical Center as it may concern habeas corpus applications. Therefore, it is clear that Johnson v. Avery, supra, is not directly in point with the issue in this case.

■ Petitioner does not have a constitutional right to the assistance of an unlicensed, self-styled "jail-house lawyer" in the preparation of a legal brief to be used in the appeal of an adverse ruling on a § 2255 motion, Austin v. Harris, 226 F.Supp. 304 (W.D.Mo.1964). Judge Becker in the Austin case held that the regulation of the Medical Center precluding inmates from serving each other as attorneys or assisting each other in the preparation of legal documents was reasonable and did not violate any constitutional rights of the inmates. See also Siegel v. Ragen, 180 F.2d 785 (7th Cir. 1950), and Ex parte Wilson, 242 F. Supp. 537 (E.D.S.C.1965). The regulation is a common sense control reasonably calculated to assist respondent in maintaining discipline and order at the Medical Center.

■■ In the absence of exceptional circumstances the Courts will not interfere with uniformly applied institutional regulations, including those governing inter-inmate traffic in legal information or materials, Edmundson v. Harris, 239 F.Supp. 359 (W.D.Mo.1965). The record indicates that there are no such exceptional circumstances here. Although the regulation closes one source of possible assistance to a prisoner such as petitioner, effective alternative sources have been provided: Petitioner has free access to the courts by way of uncensored correspondence; he has access to the eight volumes of Title 18, United States Code Annotated, Title 28 United States Code Annotated §§ 2241–2255 and other legal materials; habeas corpus and § 2255 application forms used in this District are available to him as well as paper, carbon paper, pencils, etc.; where typewritten briefs are required he may make arrangements for their preparation through his social worker; he may purchase his own legal materials; he may make arrangements for the employment of a licensed attorney through his social worker; if he is illiterate or otherwise unable to prepare his own petition or document his social worker is available to assist him without charge. While social workers at the Medical Center are not legal counselors, self-styled "jail-house

lawyers" have no claim to this title either. Moreover, any brief filed on behalf of petitioner in his pending appeal will undoubtedly be accorded the same broad, tolerant treatment which pro se applications and briefs receive in this District. See Pike v. Dickson, 323 F.2d 856 (9th Cir. 1963). In such matters the courts are more concerned with the factual contentions than with the niceties of pleading. There is nothing in the record to indicate that social workers are any less able than fellow inmates to assist petitioner in presenting factual allegations to the courts.

The Court also notes in passing that petitioner does not advise whether he has requested the Court of Appeals for the Ninth Circuit, where his § 2255 civil action is pending on appeal, to appoint counsel to assist him in this matter or whether he has made any effort to have counsel in the Springfield, Missouri area represent him without charge, as members of the local bar have customarily done upon appropriate request.

Although Johnson v. Avery, supra, is in no way controlling upon the determination of the issue before the Court, it is appropriate to note that that decision does not purport to hold that there is an absolute prohibition against proscription of legal counseling by jail-house lawyers. See in particular the language used by the court at page 785 of 252 F.Supp.:

> It may be, for example, that a regulation prohibiting the giving or receipt of compensation for such services, or restricting and regulating the time when they could be rendered, if accompanied by reasonable sanctions, would pass muster. Indeed, a regulation prohibiting the practice altogether might well be sustained if the state afforded to prison inmates any reasonable alternative, such as an available list of qualified lawyers willing to volunteer their services, access to a public defender having statutory authority to represent them, or some other mode of ready and convenient contact with some qualified person capable of rendering them assistance in the preparation of their petitions or application for habeas corpus relief.

 The record demonstrates that the regulation which petitioner challenges is reasonable and does not violate any of petitioner's constitutional rights. Further, the policy of the Medical Center prohibiting inmates from preparing legal papers for other inmates implements the policy of the Bureau of Prisons and is in conformity with the policy in all other federal institutions (See Exhibit "B", the letter from Eugene N. Barkin, Legal Counsel for the Bureau of Prisons), and accordingly petitioner is not being discriminated against by the Medical Center's policy.

Therefore, the request for injunction is hereby denied in its entirety.

It is so ordered.