Johnny PRICE

v.

Alfred T. RUNDLE, Superintendent, State Correctional Institution, Graterford, Pennsylvania, and Joseph R. Brierley, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania.

No. 68–519.

United States District Court
E. D. Pennsylvania.

March 5, 1968.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This matter is before the Court for disposition of plaintiff's petition for leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

The District Attorney's office of Bucks County has informed us that on March 17, 1967, the petitioner was sentenced to five–ten years on Bill of Indictment No. 51, March Term, 1964, in the Court of Oyer and Terminer of Bucks County and to one year on Bill of Indictment No. 52, March Term 1964, in the Quarter Sessions Court of Bucks County. The sentences were to run concurrently and were to commence as of January 19, 1965.

Petitioner had been incarcerated at the Graterford Correctional Institution but is presently incarcerated at the State Correctional Institution in Philadelphia, Pennsylvania. Petitioner contends that the named defendants have intentionally and deliberately refused to furnish him with copies of the notes of testimony of his criminal trials and have thereby deprived him of his civil rights within the meaning of 42 U.S.C. §§ 1983 and 1985.

It may well be, as petitioner contends, that the named defendants were in possession of copies of the notes of testimony of his criminal trials (61 P.S. § 302) and that they refused to make them

available to him. However, 17 P.S. § 1802 provides that once the appeal time has expired, it is within the discretion of the State Courts to determine whether State prisoners are entitled to copies of the notes of testimony of their criminal trials.[1] Indeed, petitioner admits that it was suggested that he "write to the Clerk of Courts", but he apparently has not done so. It follows that the named defendants were under no duty to make their copies of the notes of testimony available to the petitioner and their refusal to do so did not thereby deprive the petitioner of his civil rights within the meaning of 42 U.S.C. §§ 1983 and 1985. Consequently, the plaintiff's petition must be denied in that his complaint does not state a claim upon which relief can be granted.

1. Apparently, under 17 P.S. § 1802, a defendant is entitled to a free copy of the notes of testimony only in cases tried in the Courts of Oyer and Terminer and General Jail Delivery. Present plaintiff was tried and convicted both in the Court of Oyer and Terminer and in the Court of Quarter Sessions. However, since his sentence in the Court of Quarter Sessions has expired, we can see no conceivable basis for the allegation that the named defendants' refusal to furnish him with a copy of those notes is a denial of any civil rights.