**Gary SMITH**

v.

**Honorable Joseph W. DE FURIA.**

**Civ. A. No. 73-1899.**

United States District Court,
E. D. Pennsylvania.

Feb. 20, 1974.

Theodore Simon, Maury Lipowicz, Temple Law Students, for plaintiff.

Joseph T. Labrum, Jr., Media, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

The present action was brought by a state prisoner under 42 U.S.C.A. § 1983 against a state Judge on the grounds that the Judge, The Honorable Joseph W. De Furia of the Pennsylvania Common Pleas Court, violated the rights guaranteed to plaintiff by the United States Constitution.

Plaintiff Smith was brought to trial on two counts of selling and possessing narcotics on September 25, 1972. The records of the state court show that a mistrial was declared on September 26, 1972, when plaintiff failed to return to the courtroom after lunch. On June 5, 1973, plaintiff Smith again appeared for trial on these two counts before Judge De Furia, defendant herein, and a jury. The state court records show that Judge De Furia granted defendant's (plaintiff herein) motion for a mistrial on June 6, 1973. Approximately one month later, plaintiff requested the court to provide him with a free copy of the transcript of the June 5–6 proceeding. Judge De Furia denied this request. On September 20 and September 27, 1973, plaintiff pled guilty to both of the counts outstanding against him, and was sentenced[1] to a term of not less than ten months nor more than three years on one count and a term of not less than two months and not more than twelve months on the other.

Plaintiff claims that Judge De Furia's refusal to allow one of the counts against him to be tried to a jury and the other non-jury deprived him of his Fifth and Sixth Amendment rights. Second, Smith claims that Judge De Furia's declaration of a mistrial, which plaintiff asserts he never consented to, violated his Fifth Amendment right not to be twice placed in jeopardy, and that if plaintiff's counsel at the criminal trial consented to or requested a mistrial, this consent was the product of duress by Judge De Furia, depriving plaintiff of his Sixth Amendment right to the effective assistance of counsel. Third, plaintiff asserts that Judge De Furia's denial of his request for the notes of the June

---

1. Judge De Furia was not the sentencing Judge.

5–6 proceeding violated, *inter alia*,[2] the equal protection clause of the Fourteenth Amendment. In his prayer for relief, plaintiff asks for the award of $1,000,000 punitive damages and $50,000 nominal damages, the dismissal of the counts against him, and an injunction against Judge De Furia enjoining the commission of similar acts in the future.

Defendant has moved to dismiss the complaint on the grounds that it fails to state a claim, that this Court lacks jurisdiction because plaintiff has failed to exhaust his state remedies, that a state Judge acting within the scope of his statutory duties is immune from suit under § 1983, and that the plaintiff's action is moot because of his subsequent guilty pleas.[3]

■ Defendant's claim of immunity from suit, at least in regards to the request for money damages, seems justified. Conover v. Montemuro, 477 F.2d 1073 (3rd Cir. 1973). The issue of whether a state Judge is immune from a § 1983 action seeking equitable relief has not been resolved by this Circuit. Conover v. Montemuro, cited *supra* at 1093.

Since we have found that plaintiff's complaint must be dismissed on other grounds (see below), we need not decide whether Judge De Furia is a proper defendant in this action.

■ Defendant's claim that this Court lacks jurisdiction because plaintiff has failed to exhaust his state remedies is misplaced in a § 1983 action. Exhaustion of state remedies is not a prerequisite to maintaining a § 1983 action in Federal Court. Conover v. Montemuro, 477 F.2d 1073 (3rd Cir. 1973).

■■ Defendant asserts that plaintiff's claims were mooted when plaintiff pled guilty to the two counts on which he had earlier been tried before Judge De Furia. The Court has been unable to find any authority on the effect of a guilty plea on the convicted prisoner's claims under § 1983 of constitutional deprivations occurring before his plea. The one case cited by defendant to support his mootness argument, Woody v. Judge, 435 F.2d 706 (3rd Cir. 1970), seems inapposite. However, since this Court has already ruled that a state Judge is immune from an action for damages under § 1983, this Court is left without an effective remedy should it find that plaintiff's rights have been violated. (This Court could not overturn plaintiff's conviction; this would only be possible upon a habeas corpus petition, after all state remedies had been exhausted). Therefore, all plaintiff's claims, except his claim that defendant's denial of the transcript violated his constitutional rights, will be dismissed for failure to state a claim for which relief could be granted. Plaintiff's transcript claim survives because this Court could conceivably order the defendant to provide plaintiff with a free copy of the June 5–6 transcript.

Plaintiff has stated his intention to proceed under the Pennsylvania Post Conviction Hearing Act, 19 Purdon's Statutes § 1181 et seq., on the grounds that his retrials on September 20 and September 27, 1973 constituted double jeopardy and that, therefore, the state Court lacked jurisdiction to receive his guilty pleas. He asserts that a copy of the transcript of the June 5–6 trial before Judge De Furia is necessary for the

---

2. Plaintiff asserts that the denial of his request for the transcript denies him access to the court, abridges his First Amendment right to petition, deprives him of the rights guaranteed to prisoners by the decision in Smartt v. Avery, 370 F.2d 788 (6th Cir. 1967) (right to petition courts), and infringes his Ninth Amendment rights. This Court does not find that any of these rights are involved in the denial of plaintiff's request for a transcript. As to plaintiff's claim that

the denial of his request constitutes a denial of due process, see discussion on p. 970, *infra*.

3. In taking judicial notice of certified docket entry sheets of the two counts against plaintiff and of the Pennsylvania statute governing provision of copies of transcripts, see Note 4, *infra*, the Court does not believe that it is transforming defendant's motion to dismiss into a motion for summary judgment.

**970**

preparation of his suit, and that "The Equal Protection Clause of the Constitution requires a free transcript to be furnished an indigent state prisoner for use in a direct appeal from his state conviction as well as in collateral attack of his state conviction, where that transcript is necessary in order to permit him to demonstrate his right to such relief." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, p. 3).

 Plaintiff bases this assertion on Griffin v. Illinois, 351 U.S. 12, 76 S. Ct. 585, 100 L.Ed. 891 (1956), and its progeny, particularly Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed. 2d 601 (1969); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961); Williams v. Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969); and Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971). However, we feel that plaintiff misunderstands the underlying principle of these cases which is not that indigent appellants have the right to a free transcript of all judicial proceedings, but that if a state court allows a transcript to be made available, the same cannot be denied to an indigent because he cannot pay for it. The Pennsylvania statute governing the provision of copies of transcripts, free or otherwise, is 17 Purdon's Statutes § 1802.[4] Section 1802 does not provide for copies except following a verdict. Since the June 5–6 proceeding ended in mistrial, the statute does not apply. Plaintiff has not alleged that, under similar circumstances, copies of the transcript would be available to defendants of means; such an allegation might state a

claim under the equal protection clause and § 1983.

 This Court does not feel that the denial of a copy of the transcript, even if plaintiff is preparing for a collateral attack on his conviction, is a denial of due process as claimed by plaintiff, as long as plaintiff has reasonable access to the transcript in preparing his claim. See Price v. Rundle, 280 F.Supp. 852 (E.D.Pa.1968).

---

4. 17 P.S. § 1802 states:

The law judges of each of the several courts of oyer and terminer and general jail delivery, and of the courts of quarter sessions of the peace, shall employ the official stenographer or stenographers of the courts of common pleas of the particular county, to report the proceedings of the said court, whenever requested so to do by any defendant or defendants, or his, her or their counsel before or during the trial of any case in any of said courts: Provided, further, That in all cases tried in the several courts of oyer and terminer and general jail delivery if the request or requests for a copy of the notes of testimony are made within ninety (90) days from date of verdict, or at any time if in the discretion of the court such request should be granted, the defendant or defendants shall be furnished with a copy of the notes of testimony taken at his, her or their request, which said notes shall be paid for by the county in which said case is tried, except, however, that where the court finds that the defendant or defendants making the request are able to pay for the copies, the cost thereof shall be paid by such defendant or defendants and shall be taxed as costs and paid to the county.