Donald R. RUSSELL, Appellant,

v.

R. M. OLIVER, Individually and as Director of Adult Service, et al., Appellees.

No. 75–1236.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 10, 1976.

Decided March 14, 1977.

---

William F. Stone, Jr., Martinsville, Va., for appellant.

Patrick A. O'Hare, Asst. Atty. Gen., Richmond, Va. (Andrew P. Miller, Atty. Gen. of Va., Richmond, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BUTZNER and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge:

Donald R. Russell, a Virginia prisoner, appeals from the entry of summary judgment against him in his civil rights complaint against various corrections officials pursuant to 42 U.S.C. § 1983. He raises three major contentions: First, he claims that he has been harassed by prison officials for exercising his right of access to the courts. Second, he challenges the proce- dures employed in permanently transfer- ring him from one unit of the prison to another. Third, he alleges that the prison officials have unconstitutionally interfered with his right of access to the courts by not providing direct and personal access to law books.

## I

Russell complains that he is being ha- rassed because he exercised his right of access to the courts. Specifically, he alleges that his mail was delayed, that he was excluded from participation in work release and other rehabilitative programs, that he was denied a furlough, and that he was denied a visit. This allegation is supported by the affidavit of a fellow prisoner stating that he overheard a prison official say to Russell that he would receive no privileges until he stopped filing suits in federal court. The district court dismissed each of these complaints on the grounds that the defend- ants either had presented an acceptable rea- son for their conduct, or that each incident by itself did not amount to a denial of a constitutional right.

■ The district court erred, however, in considering each allegation independent- ly of the others. A liberal construction of Russell's *pro se* complaint, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), requires that the judge view all of these allegations not as isolated incidents, but rather as a unit. Viewed in this manner, the grant of summary judg- ment on the pleadings was error because there clearly was a substantial issue of ma- terial fact raised by the *pro se* complaint. Fed.R.Civ.P. 56. Accordingly, the district court should have granted Russell an evi- dentiary hearing on his allegation that he was harassed because of the suits that he had filed. *Cf. Smartt v. Avery*, 370 F.2d 788, 790–91 (6th Cir. 1967).

## II

■ Russell's challenge to the procedures employed in permanently transferring him from one prison unit to another is answered

by two Supreme Court cases decided last term. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) and *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). In *Montanye*, the Court concluded:

> [N]o Due Process Clause liberty interest of a duly convicted prison inmate is infringed when he is transferred from one prison to another within the State, whether with or without a hearing, absent some right or justifiable expectation rooted in state law that he will not be transferred except for misbehavior or upon the occurrence of other specified events. 427 U.S. at 242, 96 S.Ct. at 2547, 49 L.Ed.2d at 471.

There being no allegation of such an expectation, the district judge properly granted summary judgment on this issue.

### III

In *Smith v. Bounds*, 538 F.2d 541, 542 (4th Cir. 1975), this court held that a state has an obligation "to furnish either legal research facilities to the inmates of its correctional system or an acceptable alternative therefor." Subsequently, the Supreme Court granted certiorari to consider this case. 425 U.S. 910, 96 S.Ct. 1505, 47 L.Ed.2d 760 (1976). Accordingly, on remand, the district court may wish to hold Russell's complaint about a lack of law books in abeyance until the Supreme Court announces its decision in *Smith*.

*Affirmed in part, vacated in part, and remanded.*

WIDENER, Circuit Judge, concurring and dissenting:

While I concur in the result generally, I would treat the incident of the mail as a nonactionable, isolated incident, as did the district court, and affirm on that point.