810 F.2d 195
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leonard Archie SMITH, Plaintiff-Appellant,
v.
John H. CARMICHAEL, Jr., James Doctor, Jr., Defendants-Appellees.
 No. 86-7275.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1986.
Decided Jan. 21, 1987.
 
 Before HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Leonard Archie Smith, appellant pro se.
 T. Travis Medlock, Office of the Attorney General of South Carolina, for appellees.
 PER CURIAM:
 
 
 1
 Leonard A. Smith, a South Carolina inmate, appeals the dismissal of his complaint filed pursuant to 42 U.S.C. § 1983 for failure to state a claim upon which relief could be granted. Because we believe Smith has stated a claim, we vacate the district court's judgment and remand for further proceedings.
 
 
 2
 In his complaint, Smith asserts that he was informed by the deputy warden that he was removed from the Inmate Advisory Council because he had transmitted, as a representative of the council, certain information to his attorney and to the South Carolina Department of Corrections without first obtaining the approval of the prison administration. Smith denies that he corresponded as a council representative. He states rather that he wrote to the Department of Corrections and to his attorney as an individual inmate and as a class action plaintiff in an ongoing lawsuit. He alleges that his removal was in retaliation for his having informed the Department and his attorney about living conditions within the prison.
 
 
 3
 It is well-established that state prisoners have a constitutional right of meaningful access to the courts which a state may not abridge nor impair; nor may it impermissibly burden its exercise. Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir.1978), cert. denied, 441 U.S. 913 (1979). Once judicial proceedings have been commenced, the state may not punish a prisoner for having sought judicial remedies. Id. Liberally construed, as is required by Haines v. Kerner, 404 U.S. 519 (1972), Smith's pro se complaint states a claim against the defendants for their having placed an impermissible burden on his right of access to the courts. The denial of privileges otherwise within the discretion of prison officials to grant or deny may violate this right if the denial is in retaliation for the exercise of the right of access to the courts, including the reasonable opportunity to seek and receive the assistance of attorneys. Russell v. Oliver, 552 F.2d 115 (4th Cir.1977); Ex parte Hull, 312 U.S. 546 (1941). Smith's allegation that his removal from the Inmate Advisory Council was in retaliation for communication with his attorney about ongoing litigation states a cognizable claim and therefore dismissal on Smith's complaint alone was error. Smith should be given the opportunity to prove his claim.
 
 
 4
 Accordingly, the decision of the district court is vacated, and the case is remanded for further proceedings. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 VACATED AND REMANDED.