902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Darwin Rusty SIERS, Plaintiff-Appellant,
v.
Stephen GREINER, Sheriff; Shayne Yearego, Co; James
Asbury, Co; Co Joy; Co McMullen, Defendants-Appellees.
 No. 89-6848.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1989.
Decided May 2, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (C/A No. 89-960-A)
 Darwin Rusty Siers, appellant pro se.
 S.D.W.Va.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before WIDENER, K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Darwin Siers, a West Virginia inmate, commenced this action by filing a "Motion for Temporary Restraining Order." He alleged that defendants, officials at the Wood County Correctional Center, harassed him and kept him "on dead lock status" in retaliation for his filing a lawsuit in state court. Siers reported that this treatment necessitated medication for nerves. He added that he was punished for infractions while other inmates were not disciplined for identical wrongs. The facility allegedly was "full of drugs" and was dangerous, inmates who caused problems were not disciplined, and two inmates were injured because the unsafe conditions were not corrected.
 
 
 2
 The district court dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Siers appeals.
 
 
 3
 The Supreme Court recently stated that Sec. 1915(d) dismissal is proper only if there is no arguable legal or factual basis upon which the plaintiff may recover. Neitzke v. Williams, 57 U.S.L.W. 4493, 4495 (U.S. May 1, 1989) (No. 87-1882). We conclude that, under Neitzke, dismissal of that portion of the action alleging retaliation for filing a lawsuit was premature.
 
 
 4
 Siers maintained that in retaliation for filing at least one lawsuit, prison officials treated him in a discriminatory fashion. Specifically, he was placed on restrictive custody and disciplined for certain infractions while other inmates whom officials knew to have committed identical offenses were not punished. If Siers' allegations are true, they would state a claim under Sec. 1983. See Hudspeth v. Figgins, 584 F.2d 1345, 1347-48 (4th Cir.1978), cert. denied, 441 U.S. 913 (1979); Russell v. Oliver, 552 F.2d 115, 116 (4th Cir.1977). Under Neitzke, dismissal of this claim pursuant to Sec. 1915(d) was improper.
 
 
 5
 That portion of the complaint in which Siers maintained that conditions at the Center were unsafe was correctly dismissed as frivolous. Siers did not allege that he was harmed and mentioned only two fellow inmates who were injured. The conclusory allegations that there existed a pervasive risk of harm did not have an arguable basis in law or fact under Neitzke. See Ruefly v. Landon, 825 F.3d 792 (4th Cir.1987); Withers v. Levine, 615 F.2d 158 (4th Cir.), cert. denied, 435 U.S. 933 (1978).
 
 
 6
 We therefore affirm in part and vacate and remand in part. On remand, the district court should require a response to Siers' allegations about retaliation for filing a lawsuit. As our review of the record and other materials before us indicates that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 7
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.