993 F.2d 1535
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Edward BRYANT, Plaintiff-Appellant,
v.
Randy LEE, Superintendent; Officer Brown, Mailroom Officer,
Defendants-Appellees.
 No. 92-6571.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 29, 1993
Decided: June 2, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CA-92-191-CRT-F)
 John Edward Bryant, Appellant Pro Se.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 John Edward Bryant, a North Carolina inmate, appeals the district court's order dismissing as frivolous his action filed under 42 U.S.C. § 1983 (1988). Because Bryant's claim against one of the Defendants had an arguable basis in law, we affirm in part, vacate in part, and remand for further proceedings.
 
 
 2
 Bryant filed this action against Randy Lee, the superintendent of the Caledonia Correctional Institution, and Officer Brown, Caledonia's mailroom officer. Bryant alleges that on April 30, 1990, his Ohio attorney sent him a questionnaire that Bryant needed to complete to settle a personal injury lawsuit. Bryant alleges in his complaint that his Ohio attorney mailed the packet on April 30, 1990, and that Bryant received it on May 15, 1990. He claims that this piece of mail had been opened earlier and returned to Ohio without his knowledge.* He also alleges that there was a deadline within which to complete the enclosed questionnaire, which Bryant did not meet due to the delay. As a result, Bryant alleges that he failed to settle the action, his Ohio attorney withdrew, and the case was dismissed. The district court dismissed Bryant's claim as frivolous, pursuant to 28 U.S.C. § 1915(d) (1988), finding that a single instance of interference with a prisoner's legal mail does not give rise to a constitutional violation.
 
 
 3
 An in forma pauperis complaint is susceptible to dismissal under § 1915(d) as frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319 (1989). When a complaint raises an arguable question of law, dismissal under Fed. R. Civ. P. 12(b)(6) may be appropriate while dismissal unders 1915(d) is not. Neitzke, 490 U.S. at 328. An appellate court reviews a lower court's dismissal, pursuant to § 1915(d), under an abuse of discretion standard. Denton v. Hernandez, 60 U.S.L.W. 4346, 4348 (U.S. 1992).
 
 
 4
 To state a claim that a delay in receiving legal mail violated an inmate's constitutional rights, the prisoner must allege facts showing that the delay interfered with his right of access to the courts. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Accord Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988); Morgan v. Montanye, 516 F.2d 1367 (2d Cir. 1975), cert. denied, 424 U.S. 973 (1976).
 
 
 5
 We cannot find that Bryant's allegation that his legal mail was delayed nearly two weeks, as a result of which he lost the opportunity to settle a personal injury action for $35,000 and lost the representation of an out-of-state attorney, is legally frivolous. Bryant's complaint had an arguable basis in law because he alleged not simply a delay in receiving his legal mail but that the delay prejudiced or interfered with his actual access to the courts. White, 886 F.2d at 729.
 
 
 6
 The district court relied on Russell v. Oliver, 552 F.2d 115 (4th Cir. 1977), in holding that a single incident of mail delay was not actionable. However, Russell found that summary judgment was improperly granted when an allegation of improper mail delay was not considered along with other allegations to show harassment against a prisoner for his court filings. The effect of a showing of harm is not discussed. Therefore, Russell is not dispositive of the issue. Because Bryant alleged that harm followed from Brown's alleged interference with his legal mail, his claim had an arguable basis in law and the district court abused its discretion in dismissing the complaint as frivolous.
 
 
 7
 However, Lee cannot be held liable because Bryant does not allege any facts implicating Lee in the delayed mail and the doctrine of respondeat superior generally does not apply ins 1983 litigation. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).
 
 
 8
 Therefore, we affirm the district court's dismissal of Defendant Lee, but vacate and remand for further proceedings the claim against Defendant Brown that he interfered with Bryant's access to the courts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 We find no abuse of discretion in the dismissal of the allegation of improper mail opening. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983)