9 F.3d 1543
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Steven M. JOHNSON, Plaintiff-Appellant,
v.
Richard A. LAHAM, Acting Commissioner; Warden Taylor, of
Maryland House of Corrections; Warden Smith, Acting Warden;
Lieutenant Ratcliff; A. G. Johnson, Lieutenant; Major
Singletary; Major Ray; Major Murphy, Defendants-Appellees.
 No. 91-7296.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 28, 1993.
Decided: November 15, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Michael L. Corrado, Chapel Hill, North Carolina, for Appellant.
 J. Joseph Curran, Jr., Attorney General of Maryland, Stephanie Lane Weber, Assistant Attorney General, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Steven M. Johnson, an inmate of the Maryland House of Corrections in Jessup, Maryland ("MHC-J"), appeals from a district court order that dismissed two complaints he filed under 42 U.S.C. § 1983 (1988) in which he sought damages and injunctive relief. Johnson alleged that he was involuntarily exposed to high levels of tobacco smoke because prison officials did not enforce a Division of Correction Regulation ("DCR") that prohibited smoking in designated areas of the prison. Johnson alleged that the exposure to cigarette smoke aggravated his allergies, for which he was receiving medication. The district court dismissed Johnson's complaint for failure to state a claim,[1] and Johnson noted a timely appeal. We placed this appeal in abeyance pending the Supreme Court's decision in Helling v. McKinney, 61 U.S.L.W. 4648 (U.S. 1993). We then granted the Appellees' motion to submit the case on the briefs without oral argument. Because we find, in light of the recent decision in Helling, that Johnson states a cognizable Eighth Amendment claim, we affirm the district court's order in part, vacate the order in part, and remand the case for further proceedings consistent with this opinion.
 
 
 2
 It is undisputed that in July 1990, the Maryland Division of Correction issued a directive entitled "Smoking Policy for Inmates," DCR 185-9, which stated:
 
 
 3
 In order to assure an environment which is both safe and healthy, it is the policy of the Division of Correction to restrict smoking to designated areas of a facility.
 
 
 4
 ...
 
 
 5
 Each Managing Officer shall identify and clearly mark areas where smoking is prohibited. Those areas shall include, but are not limited to the following: food preparation areas, dining areas and visiting room areas, stairwells, chapels, lobbies, waiting rooms, schools, work shops, auditoriums, hearing rooms, and elevators.
 
 
 6
 The directive then specified areas where smoking was permitted and stated that inmates who "fail[ed] to comply with smoking restrictions will be subject to progressive disciplinary action in conjunction with DCR 105-2."
 
 
 7
 In March 1991, Johnson filed a section 1983 complaint in which he alleged that prison officials refused to enforce DCR 185-9. He attached to his complaint copies of a January request for administrative remedy in which he requested that the no smoking regulation be enforced in the dining hall and a letter he wrote the Commissioner of the Department of Corrections in which he stated that the prison smoking regulations were not enforced and that the lack of enforcement was "endangering" his health. His request for administrative remedy was rejected as incomplete because it did not reference a specific incident. The Acting Commissioner responded by letter that Johnson should pursue his claim with his prison warden and referred the claim to him. The record discloses that Johnson again sought administrative relief in February. He stated in that complaint that the smoking regulation was not enforced in the dining hall or the gym area. Johnson sought enforcement of the order and $10,000 from each defendant.
 
 
 8
 On the same day that Johnson signed his section 1983 complaint (March 13, 1991), the prison warden issued two directives, one to personnel and one to inmates, concerning the implementation of the no smoking regulations. A few days later, Johnson again sought administrative relief and noted in his complaint that inmates were permitted to smoke in the dining hall during lunch. The acting warden did not respond to the grievance until July.
 
 
 9
 Johnson filed a second section 1983 complaint in August 1991 in which he named additional defendants and attached copies of other requests for administrative action in which he sought enforcement of the no smoking policies. Each was marked "Remedy granted." In addition, Johnson alleged that prison officials attempted to "intimidate" him by informing inmates of his efforts to have the no smoking regulation enforced.
 
 
 10
 None of the Defendants has ever disputed Johnson's claims that the no smoking regulations were not fully enforced. In his affidavit, the former warden stated that he had promulgated implementing directions, that "no smoking" signs were "in the process" of being posted, and that further enforcement of the policy would begin upon posting of the signs.[2] As the district court noted, the Defendants are shielded by qualified immunity for monetary damages since their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald,457 U.S. 800, 815-16 (1982). At the time the Defendants acted, there was no clearly established liability for exposing prisoners to environmental tobacco smoke. See McKinney v. Anderson, 924 F.2d 1500, 1509 (9th Cir.), vacated and remanded on other grounds, 60 U.S.L.W. 3291 (U.S. 1991). We therefore affirm that portion of the district court's order. Qualified immunity, however, does not affect the availability of injunctive relief. Id.
 
 
 11
 A pro se complaint can be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations omitted). In considering a motion to dismiss for failure to state a claim,"the complaint should be construed favorably to the pleader." Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).
 
 
 12
 The Supreme Court has recently held that a plaintiff"states a cause of action under the Eighth Amendment by alleging that [the defendants] have, with deliberate indifference, exposed him to levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health." Helling, 61 U.S.L.W. at 4650. To prove an Eighth Amendment violation, a plaintiff must demonstrate two objective elements: (1) he is being exposed to unreasonably high levels of environmental tobacco smoke, and (2) today's society will not tolerate his exposure to this risk. Id. Furthermore, the plaintiff must prove a subjective element: that the defendants are deliberately indifferent to his exposure to this risk. Id. at 4651.
 
 
 13
 Johnson alleges that the Defendants have consistently refused to enforce the provisions of DCR 185-9, that some Defendants have violated the regulation themselves, that he suffers ill effects from the involuntary exposure to environmental tobacco smoke, and that the Defendants have been deliberately indifferent to his complaints. Although we express no opinion as to the merits of Johnson's complaint in light of Helling, we vacate the district court's determination that he has stated "no cognizable claim under 42 U.S.C. § 1983" and remand that portion of the court's order for further proceedings.
 
 
 14
 Johnson also alleged that he was "intimidated by staff members" and that the Defendants identified him to the inmate population as the person who was attempting to have the no smoking regulation enforced. He requested in his second complaint that the Defendants "stop all harassment." The district court did not address this claim in its order. Verbal harassment or abuse by prison officials in itself does not state a constitutional deprivation under section 1983. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). A threat of harm to a prisoner if he continues to pursue judicial remedies with action apparently designed to carry out the threat, however, may state an Eighth Amendment claim. Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978), cert. denied, 441 U.S. 913 (1979). It also may state a claim of denial of access to courts if the threats were intended to intimidate the inmate from exercising that right. Id.; see Russell v. Oliver, 552 F.2d 115, 116 (4th Cir. 1977). Since Johnson's allegations may be sufficient to state a constitutional claim, we vacate the district court's dismissal of that claim as well and remand the issue for further proceedings.
 
 
 15
 In conclusion, we affirm the district court's determination that the Defendants are immune from Johnson's claim for money damages and vacate and remand the court's dismissal of Johnson's other claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 16
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 The district court did not specify whether its order was promulgated pursuant to Fed. R. Civ. P. 12 or Fed. R. Civ. P. 56. The state's motion requested summary judgment in the alternative to dismissal. Because the motion was accompanied by affidavits and exhibits, it could have been treated as a summary judgment motion. See Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985). The court did not rely on any of the state's submissions, however, but dismissed the complaint based on its determination that the facts alleged "did not state a cognizable claim under 42 U.S.C. § 1983." The court's action is therefore best understood as a dismissal for failure to state a claim under Rule 12(b)(6)
 
 
 [2]
 Johnson alleges that defendants Ray, Johnson and Ratcliff deliberately ignored smoking in their presence, or personally smoked in "no smoking" areas. Johnson alleges that Warden Smith has "refuse[d] to correct the problem." Johnson alleges that other named supervisors "ignore the policy and allow smoking to continue at great risk to myself and others because they themselves smoke." Although the behavior Johnson complains of is nonspecific, he should have been afforded the opportunity to particularize his claims. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965). Since defendant Taylor is apparently no longer warden of MHC-J, Johnson's plea for injunctive relief against Taylor is moot and his complaint against him should be dismissed