92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Donald HARVEY, Plaintiff-Appellant,
v.
John S. FOOTE, Acting Director of the Oregon Department of
Corrections; S. Frank Thompson, Superintendent of
the Oregon State Penitentiary,
Defendants-Appellees.
 No. 95-35573.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner William Donald Harvey appeals pro se the district court's 28 U.S.C. § 1915(d) dismissal of his 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights by implementing regulations that banned smoking at the Oregon state penitentiary.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's dismissal of an in forma pauperis complaint pursuant to 28 U.S.C. § 1915(d). Denton v. Hernandez, 504 U.S. 25, 33 (1992). A section 1915(d) dismissal is proper if the complaint lacks an arguable basis in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989).
 
 
 4
 Harvey contends that the district court erred by dismissing his amended complaint for alleging claims finding no arguable basis in law or in fact. Harvey alleged that defendants' smoking ban violated his equal protection, due process, and Eighth Amendment rights.
 
 
 5
 We affirm the district court's dismissal of Harvey's equal protection claim for the reasons stated in the district court's order entered on March 16, 1995. To the extent that Harvey contends that the smoking ban violates the Eighth Amendment and that it would place his safety in jeopardy, we also affirm for the reasons stated in the district court's March 16, 1995 order.
 
 
 6
 Because we may affirm a district court's decision on any basis finding support in the record, Branson v. Nott, 62 F.3d 287, 291 (9th Cir.), cert. denied, 116 S.Ct. 565 (1995), we affirm the district court's dismissal of Harvey's Eighth Amendment claim alleging that the ban would eliminate funding for various prison activities, programs, and entertainment because there is no constitutional right to rehabilitation in prison. See Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982); see also Bauman v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir.1985) (stating that "[g]eneral limitation of jobs and educational opportunities is not considered punishment" under the Eighth Amendment).
 
 
 7
 We have considered Harvey's remaining contentions and find that they are meritless.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Harvey's co-plaintiffs failed to sign the notice of appeal, Harvey is the only appellant properly before this court. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986)