Daniel BRASHEAR

v.

Stewart D. SIMMS, et al.

No. CIV S 01–1031.

United States District Court,
D. Maryland.

April 12, 2001.

Daniel Brashear, Westover, MD, Pro se.

*MEMORANDUM OPINION*

SMALKIN, District Judge.

This is an action in which a Maryland prisoner who smokes tobacco seeks injunctive relief pursuant to 42 U.S.C. section 1983, claiming that his constitutional right to equal protection of the laws and his federal statutory right to be free from discrimination under the Americans With Disabilities Act, 42 U.S.C. section 12101 *et seq.* (ADA), are being violated by newly-

adopted policies of the Maryland Department of Public Safety and Correctional Services that effectively prohibit smoking within Maryland prisons, to include banning sales of tobacco products in prisons effective May 1, 2001, and prohibiting possession of tobacco by inmates as of June 1, 2001.

In short, now that Maryland has prohibited use or possession of tobacco in prisons, the plaintiff, a smoker, has decided to sue the State, just as non-smokers have, in the past, sued over prison policies that permitted smoking. *See, e.g., Johnson v. Laham,* 9 F.3d 1543, 1993 WL 469160 (4th Cir.1993) (table). This proves, one supposes, that States—no less than individuals—can sometimes be damned if they do and damned if they don't.

■ Because this suit is frivolous as a matter of law, it will be dismissed without service of process. *See Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ It should be perfectly obvious to any rational person that the State of Maryland, in view of the well-known harmful effects of secondhand smoke, has a legitimate interest in protecting the health of non-smokers forced to be its guests in correctional facilities. In fact, the Supreme Court has held that state actors could face liability under section 1983 if they do not protect non-smokers from smokers' secondhand smoke. *Helling v. McKinney,* 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

■ It should come as no surprise, then, that the decided cases have repeatedly rejected claims that prison anti-smoking policies violate the Equal Protection Clause, and for good reason. The reason, of course, is that the act of smoking is entitled to only a minimal level of protection under the Equal Protection Clause, as it is obviously not a fundamental right, nor is the classification between smokers and non-smokers a suspect one. *See, e.g., McGinnis v. Royster,* 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973). In that neither smoking nor possession of tobacco in a prison implicates any fundamental right, nor is any suspect classification involved, only a "rational basis" standard of scrutiny applies. *McGinnis, supra.* See also *Washington v. Harper,* 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990). The question is simply whether the regulation serves a legitimate state interest and whether the challenged regulation is rationally related to it. *Moss v. Clark,* 886 F.2d 686 (4th Cir.1989). See also *McGinnis,* 410 U.S. at 270, 93 S.Ct. 1055.

Obviously, given the Supreme Court's holding in *Helling, supra,* the State of Maryland has a legitimate interest in eliminating non-smokers' exposure to secondhand smoke in its prisons, and a rational way of accomplishing the State's goal in that regard is to prohibit sale or possession of tobacco products in prisons. Indeed, given the close confinement situation in prisons, it is probably the only rational way. Thus, there is no viable equal protection claim stated. For cases that have reached the same result, *see, e.g., Hills v. Stewart,* 199 F.3d 1332, 1999 WL 970804 (9th Cir.1999), *Johnson v. Saffle,* 166 F.3d 1221, 1998 WL 792071 (10th Cir.1998), *Webber v. Crabtree,* 158 F.3d 460 (9th Cir. 1998), and *Harvey v. Foote,* 92 F.3d 1192, 1996 WL 441776 (9th Cir.1996) (affirming dismissal for legal frivolity). There are more cases, but it would be pointless to cite them, for they speak with one voice in rejecting claims such as the plaintiff's equal protection claim in this case.

■ Although the ADA might or might not apply in prisons, *see Roary v. Freeman,* 243 F.3d 540, 2001 WL 123661 (4th Cir.2001), even assuming that the ADA

fully applies in this case, common sense compels the conclusion that smoking, whether denominated as "nicotine addiction" or not, is not a "disability" within the meaning of the ADA. Congress could not possibly have intended the absurd result of including smoking within the definition of "disability," which would render somewhere between 25% and 30% of the American public disabled under federal law because they smoke. In any event, both smoking and "nicotine addiction" are readily remediable, either by quitting smoking outright through an act of willpower (albeit easier for some than others), or by the use of such items as nicotine patches or nicotine chewing gum. If the smokers' nicotine addiction is thus remediable, neither such addiction nor smoking itself qualifies as a disability within the coverage of the ADA, under well-settled Supreme Court precedent. *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

For the reasons stated, because the complaint fails to state any non-frivolous claim for relief, an Order will be entered separately, summarily dismissing it pursuant to 28 U.S.C. § 1915A(b)(1).

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is, this 12th day of April, 2001, by the Court, ORDERED:

1. That this case BE, and it hereby IS, SUMMARILY DISMISSED, as legally frivolous, pursuant to 28 U.S.C. § 1915A(b)(1); and

2. That the Clerk mail copies hereof and of the said Opinion to plaintiff and to the Attorney General of Maryland.